OPINION
{¶ 1} Defendant-Appellant, Douglas R. McMullan, appeals a judgment of the Sidney Municipal Court, sentencing him to a five day jail sentence and a one hundred dollar fine for contempt of a court. On appeal, McMullan contends that the trial court erred in sentencing him to serve jail-time for a contempt charge where the underlying offense was a minor misdemeanor and that the trial court erred in denying him the right to a jury trial for his contempt hearing. Because McMullan has completed his sentence, we find that his assignments of error are moot and that this cause must be dismissed.
 {¶ 2} On October 5, 2003, McMullan entered the private cemetery of The Way International ("The Way") to visit the grave site of a friend. As a result of entering the private cemetery, McMullan was arrested and charged with trespassing in violation of R.C. 2911.21, a misdemeanor of the fourth degree. Subsequently, the charge was reduced to attempted trespassing in violation of R.C. 2923.02, a minor misdemeanor.
 {¶ 3} In January of 2004, following a bench trial, McMullan was convicted of attempted trespassing. In its judgment entry, dated January 22, 2004, the trial court sentenced McMullan to a fine of one hundred dollars. Additionally, the judgment entry stated, "Placed on Probation until all obligations with Court have been satisfied." Finally, the trial court wrote in the following restrictions:
Deft. ordered to have no contact with the Board Members of theWay International * * * and he is not allowed on the property ofthe Way International in Shelby County, Ohio for 2 years.
McMullan did not appeal his conviction or sentence.
 {¶ 4} On October 5, 2004, McMullan again entered the property of The Way to visit the grave site of his friend. Again, McMullan was arrested and charged with trespassing. In January of 2005, the State filed a motion to show cause for contempt in violation of R.C. 2705.05. On January 27, 2005, a hearing was held and the trial court found McMullan guilty of contempt for violating the January 22, 2004 order. The trial court went on to sentence McMullan to a one hundred dollar fine and to serve five days in jail. Immediately after being sentenced, McMullan was taken into custody and served his jail term. Additionally, he paid the fine imposed by the trial court. Subsequently, the October 2004 trespassing charge was dismissed.
 {¶ 5} It is from the January 27, 2005 judgment entry McMullan appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY SENTENCING MR. McMULLANTO A TERM OF IMPRISONMENT FOR THE UNDERLYING MINOR MISDEMEANOR GIVINGRISE TO THE CONTEMPT PROCEEDING.
 Assignment of Error No. II THE TRIAL COURT COMMITTED ERROR BY DENYING MR. McMULLAN THE RIGHT TO AJURY TRIAL FOR HIS CONTEMPT HEARING.
 Assignments of Error Nos. I II {¶ 6} In the first assignment of error, McMullan contends that the trial court erred in sentencing him to jail for his contempt charge. Specifically, McMullan argues that because the underlying offense was a minor misdemeanor, the trial court was unable to sentence him to jail on the contempt charge. In the second assignment error, McMullan asserts that the trial court erred in denying him the right to a jury trial. In the interest of judicial economy, we will address these assignments of error together.
 {¶ 7} Upon review of the record, we are troubled by the trial court's initial imposition of additional terms of sentencing. As noted above, McMullan's initial charges were reduced to attempted trespassing. After being found guilty of attempted trespassing, the trial court imposed a fine, ordered McMullan to have no contact with certain members of The Way and ordered McMullen to stay off of The Way's property. R.C. 2929.28(A) provides that "the court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence an offender to any financial sanctions or combination of financial sanctions that may be imposed pursuant to this section * * *." (emphasis added.) Subpart (A)(2)(a)(v) provides that a fine "for a minor misdemeanor, not more than one hundred fifty dollars" can be imposed. Upon review of the penalties and sentences allowed for misdemeanors, R.C. 2929.21 through 2929.31
limits punishment for minor misdemeanors to a fine of not more than one hundred and fifty dollars. See, also, City of Eastlake v. Kosec (1985),29 Ohio App.3d 259, 260.[1] Accordingly, we conclude that the trial court lacked authority to impose any probationary sentencing terms in the January 22, 2004 judgment entry. Accordingly, any probationary sentencing terms are unenforceable.
 {¶ 8} While we find that the trial court had no authority to impose any probationary terms for a minor misdemeanor, McMullan did not appeal the January 22, 2004 judgment entry. Rather, McMullan is appealing the sentence imposed under the January 27, 2005 judgment entry, and he has completed all the terms of his sentence imposed under that judgment entry. He immediately served his jail sentence, without asking that it be stayed, as well as paid the imposed fine. Where a defendant has completed his sentence, "`an appeal [from that sentence] is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such judgment or conviction.'" State v. Berndt (1987), 29 Ohio St.3d 3, 4, quoting State v. Wilson (1975), 41 Ohio St.2d 236, syllabus; see, also,City of Springfield v. Myers (1988), 43 Ohio App.3d 21, para. three of syllabus. McMullan has not shown any evidence that he will suffer some collateral disability or loss of civil rights as a result of his contempt misdemeanor. Thus, while the probationary sentencing terms on the underlying judgment entry are unenforceable, McMullan's assignments of error, as it pertains to his misdemeanor contempt charge, are moot and will not be discussed.
 {¶ 9} Therefore, having no case or controversy to consider, this appeal must be dismissed.
Appeal Dismissed.
 Bryant and Shaw, JJ., concur.
[1] While Kosec was interpreting a prior version of R.C. 2929.21(D), which has since been revised, we find its rational is still relevant.