[Cite as *Cleveland v. Go Invest Wisely, L.L.C.*, 2011-Ohio-3461.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
Nos. 95178, 95179, 95180, 95181, 95182, and 95447

---

# CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

# GO INVEST WISELY, LLC

DEFENDANT-APPELLANT

---

JUDGMENT:
AFFIRMED

---

Criminal Appeals from the
Cleveland Municipal Court
Case Nos. 2009 CRB 36813, 2009 CRB 41034, 2009 CRB 041015,
2009 CRB 041014, 2009 CRB 41011, and 2009 CRB 033908

**BEFORE:**    Stewart, J., Blackmon, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**    July 14, 2011

**ATTORNEY FOR APPELLANT**

James J. Costello
Powers Friedman Linn, PLL
23240 Chagrin Boulevard, Suite 180
Cleveland, OH    44122

**ATTORNEYS FOR APPELLEE**

Robert J. Triozzi
Director of Law

BY:    Katherine S. Zvomuya
Assistant Director of Law
City of Cleveland
601 Lakeside Avenue, Room 106
Cleveland, OH    44117-1077

MELODY J. STEWART, J.:

{¶ 1}  Defendant-appellant, Go Invest Wisely, LLC, appeals from

misdemeanor convictions entered on no contest pleas in six consolidated

housing court cases relating to its failure to remedy code violations on properties that it owns in the city of Cleveland. The court found that Go Invest Wisely's violations were continuing, so it applied certain organizational enhancements to punish each day in which the code violations went unremedied. This resulted in fines on the six individual properties ranging from $14,000 to $25,000, for a total of $139,000. Go Invest Wisely challenges these fines, claiming, among other things, that the city could not impose fines for continuing violations when the citations did not charge continuing violations.

I

{¶ 2} Go Invest Wisely purchased homes in distressed residential areas, made repairs to the houses, and entered into land contracts with tenants, all with the hope of showing a profit. The business model failed. The 2008 mortgage industry collapse resulted in thousands of home foreclosures in the city, leading to vacant houses and depressed housing prices. With no hope of turning a profit on the houses it owned, it appears that Go Invest Wisely simply abandoned its houses. These houses continued to deteriorate to the point where some of them were demolished by the city as health and safety hazards.

{¶ 3} All of the houses involved in these consolidated cases were cited for building code violations. The city charged Go Invest Wisely under several

parts of its residential housing code relating to, among other things, sanitary facilities, connection of fixtures, heating facilities, electrical facilities, and general maintenance requirements. When these violations went unremedied, the city issued new citations for failure to comply with the earlier notice of violations. Go Invest Wisely ultimately submitted a written no contest plea in which it acknowledged that "[t]he ordinances it has been charged with violating are listed on the *Complaints* the City filed with the Court ***." (Emphasis sic.) It further acknowledged that the maximum penalties for the alleged offenses were stated in various city ordinances and that it had reviewed and understood them.

{¶ 4} The court accepted the no contest pleas and found Go Invest Wisely guilty on all counts. When sentencing, the court noted that organizational and continuing violation penalties were available under the city code. For example, in 2009 CRB 36813, the court found 23 separate continuing violations extending for 78 days, leading to a potential fine of $4,584,000. The court did not impose the maximum fine, however, and in the six cases imposed fines totaling $139,000.

II

{¶ 5} Go Invest Wisely first complains that the court erred by fining it for continuing violations because the complaints did not specifically charge that the violations were, in fact, continuing.

**{¶ 6}** All six of the complaints were written on a Cleveland Municipal Court Housing Division standardized form that contained the following language:

**{¶ 7}** "[Y]ou did commit the following violation(s):

**{¶ 8}** "(1) Failure to comply with the order of the Director of Building and Housing, a misdemeanor of the first degree, in violation of the following section(s): ___ Building 3103.25(e), ___ Housing 367.99(a), ___ Zoning 327.99(a) as stated in the violation notice dated ___ and attached here to and made a part hereof ***."

**{¶ 9}** In each of the complaints, one or more of these blank spaces were checked. The citation was appended to the notice of violation of building and housing ordinances that contained a detailed recital of the nature of the violation and the date by which Go Invest Wisely had to comply. Go Invest Wisely maintains on appeal that the standardized form did not specifically mention that there were continuing noncompliance violations, so it could only be charged with a single count of noncompliance.

**{¶ 10}** In *Cleveland v. Whitmore*, 8th Dist. No. 84405, 2005-Ohio-4393, we addressed and rejected a similar argument that a citation referring to continuing violations was not specific enough to give notice of what had been charged, finding that Whitmore's failure to make this objection to the trial court constituted a waiver of the right to argue the matter on appeal. Id. at

¶20. This holding is consistent with Crim.R. 12(C)(2), which states that any "defenses or objections based on defects in the indictment, information or complaint" must be raised before trial.

{¶ 11} The record does not show that Go Invest Wisely raised any objection in the trial court to the form or substance of the citation, so it has waived the right to argue any defect on appeal.

III

{¶ 12} Go Invest Wisely next argues that the separate continuing violations were allied offenses of similar import so the punishments for each individual offense should have merged for purposes of sentencing.

{¶ 13} Allied offenses are those that, despite being different offenses, are "so allied in nature as to constitute, for all intents and purposes, the commission of a single offense." *State v. White*, 8th Dist. No. 92972, 2010-Ohio-2342, ¶20. As we earlier noted, the city's ordinances make each day for which a violation is not remedied a separate offense. Separate offenses can be individually punished, so they are not allied offenses of similar import. See *Akron v. Bilder* (Apr. 15, 1992), 9th Dist. No. 14988.

IV

{¶ 14} Finally, Go Invest Wisely argues that the collective sentences imposed were excessive, disproportionate, and contrary to law. It argues that the court failed to take into consideration the applicable statutory

criteria for imposing misdemeanor sentences and further failed to consider whether Go Invest Wisely had the ability to pay the fines.

**{¶ 15}** The guidelines for misdemeanor sentencing are substantially similar to those applied in felony sentencing. The court must be guided by the purposes of misdemeanor sentencing, which are "to protect the public from future crime by the offender and others and to punish the offender." See R.C. 2929.21(A). When determining the appropriate sentence, the court must consider the factors listed in R.C. 2929.22(B), including the nature and circumstances of the offense or offenses and whether the circumstances indicate that the offender has a history of persistent criminal activity and poses a substantial risk of reoffending. See R.C. 2929.22(B)(1). The courts have broad discretion in misdemeanor sentencing. *State v. Hughley*, 8th Dist. Nos. 92588 and 93070, 2009-Ohio-5824, ¶7, citing *Cleveland v. Jurco*, 8th Dist. No. 88702, 2007-Ohio-4305, ¶18.

**{¶ 16}** Go Invest Wisely has been a defendant in a number of housing division cases. All of these cases are related in some form or another with Go Invest Wisely's failure to keep the houses it owns in a habitable and safe condition. Some violations have been so extensive that they have resulted in the demolition of houses; in other cases, adjoining property owners have noticed increased drug activity in the vacant houses, causing them to live in fear. Go Invest Wisely appeared to have just walked away from its

investment, leaving it to the city to deal with vacant and deteriorating housing that blighted neighborhoods.

{¶ 17} Go Invest Wisely was a repeat offender that found it easier to abandon certain properties than comply with the law, thus indicating that it posed a substantial risk of reoffending. It is plain that the court intended to send a harsh message to Go Invest Wisely, yet the fines that the court imposed were well below the maximum allowed by law.[1] For example, in 2009 CRB 36813, the court noted that it could potentially impose a fine of $4,584,000 for 23 different violations that extended over 78 days, but only imposed a fine of $25,000. With the fines all falling well below the applicable statutory limits, we cannot say that the court abused its discretion by imposing sentence as it did. Finally, Go Invest Wisely argues that the court made no determination of its ability to pay the fines. R.C. 2929.18(A)(4) authorizes a trial court to impose financial sanctions, including a fine, upon an offender. Before doing so, the court must consider the offender's present and future ability to pay the amount of the sanction or fine. R.C. 2929.19(B)(6). There are no express factors that must be considered or

[1] Go Invest Wisely complains in its third assignment of error that the court erred as matter of law by imposing sentences for first-degree misdemeanors on counts that were actually minor misdemeanors. After the completion of briefing, we remanded the case to the court to resolve certain finality issues associated with the sentences. On remand, the court sua sponte acknowledged that "certain charges in 2009 CRB 41011 and 2009 CRB 41014 were minor misdemeanor offenses rather than first-degree misdemeanors." It amended the sentences for those counts to reflect that

specific findings that must be made, *State v. Martin*, 140 Ohio App.3d 326, 338, 2000-Ohio-1942, 747 N.E.2d 318, and the court "may hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." See R.C. 2929.18(E). If the court chooses not to have a hearing, we look to the totality of the record to see if the ability to pay requirement has been satisfied. See *State v. Lewis*, 8th Dist. No. 90413, 2008-Ohio-4101.

{¶ 18} The issue of fines was apparently the subject of pretrial negotiations. The city's assistant prosecuting attorney told the court that the city desired a total fine of $76,000 in accordance with what she had recommended at an earlier pretrial conference. Go Invest Wisely did not object to the fine recommended by the city, but told the court that it had only $100,000 "in the bank at this time[,]" had no income for the previous four months, and had debt "of somewhere around $1.8 million dollars." Despite its claimed financial difficulties, Go Invest Wisely did not ask the court to waive all fines, but merely to consider mitigating the fines. The court did mitigate the fines, imposing only a fraction of what it could have imposed under the relevant ordinances. On the record before us, we find no compelling justification for finding that the court had to conduct a hearing on Go Invest Wisely's ability to pay the fines ordered by the court.

they were minor misdemeanors, so this argument is now moot.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, JUDGE

PATRICIA ANN BLACKMON, P.J., CONCURS

FRANK D. CELEBREZZE, JR., J., CONCURS
WITH SEPARATE CONCURRING OPINION

FRANK D. CELEBREZZE, JR., J., CONCURRING:

{¶ 19} I concur with the majority opinion, but write separately to address an argument raised by Go Invest Wisely in its brief and at oral arguments. Addressing the third assignment of error, the majority correctly points out that Go Invest Wisely may be punished for each day as individual violations of the housing code and that these offenses are not allied offenses of

similar import. However, Go Invest Wisely also argued that the individual code violations it was cited for should merge with the condemnation violations.

{¶ 20} Go Invest Wisely was charged with and convicted of violating C.C.O. 369.06 (sanitary facilities), 369.07 (connection of fixtures), 369.09 (connection of heating facilities), 369.12 (electrical facilities), 369.13 (general maintenance), 369.14 (foundations), 369.15 (maintenance of exterior walls and roof), 369.16 (maintenance of interior walls and roof), and 369.19 (secondary appurtenant structures), along with violations of C.C.O. 369.21 (condemnation).

{¶ 21} The condemnation provision, C.C.O. 369.21(a), states that "[a]ny dwelling * * * building or structure determined by the Commissioner of Housing to have any of the following defects shall be condemned as unfit for human habitation:

{¶ 22} "(1) One which is so damaged, decayed, dilapidated, unsanitary, unsafe or vermin-infected that it creates a hazard to the health, welfare or safety of the occupants or of the public;

{¶ 23} "(2) One which lacks illumination, ventilation or sanitary facilities adequate to protect the health or welfare of the occupants or of the public; or

**{¶ 24}** "(3) One which, because of its general condition or location is unsanitary or otherwise dangerous to the health, safety or welfare of the occupants or of the public."

**{¶ 25}** This ordinance is an exceptional provision limited to situations where code violations threaten the "health, welfare or safety of the occupants or public." The other provisions under which appellant was cited do not have similar qualifying language. For example, C.C.O. 369.07 states:

**{¶ 26}** "(a) All plumbing fixtures in a dwelling structure shall be supplied with running water from the Municipal water supply system.

**{¶ 27}** "(b) Every dwelling unit shall have an adequate supply of running hot water properly connected to all plumbing fixtures requiring hot water.

**{¶ 28}** "(c) All plumbing fixtures in a dwelling structure shall be so designed and installed as to prevent contamination of the water supply system."

**{¶ 29}** "[A] defendant can be convicted and sentenced on more than one offense if the evidence shows that the defendant's conduct satisfies the elements of two or more disparate offenses." *State v. Williams*, 124 Ohio St.3d 381, 2010-Ohio-147, 922 N.E.2d 937, ¶36 (Lanzinger, J., concurring in part and dissenting in part). See, also, *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

**{¶ 30}** Here, Go Invest Wisely's failure to maintain adequate hot water and plumbing connections does not lead to a violation of C.C.O. 367.21 — sanitary facilities that endanger the health and safety of the occupants or the public. The same is true for the other housing code violations. It is the abandonment aspect of appellant's actions that leads to the condemnation charges.

**{¶ 31}** In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶67, Justice O'Connor's concurring opinion set forth that "offenses are of 'similar import' when the underlying conduct involves similar criminal wrongs and similar resulting harm." Here the various individual code violations represent harm caused to the present and future occupants, but the condemnation provision represents harm caused to the community in having a blighted home in the neighborhood. Therefore, the offenses are not allied, and Go Invest Wisely's argument that the convictions for other code violations should merge with the condemnation convictions is not well-founded.