[Cite as *Cleveland v. Aeon Fin., L.L.C.*, 2016-Ohio-4559.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos. 103235, 103236, 103532, and 103533

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**AEON FINANCIAL, L.L.C., ET Al.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
VACATED IN PART, REVERSED IN PART
AND REMANDED

Criminal Appeal from the
Cleveland Municipal Court Housing Division
Case Nos. 2013 CRB 005631, 2014 CRB 016711, and 2014 CRB 029277

**BEFORE:**   Blackmon, J., Boyle, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**  June 23, 2016

**ATTORNEYS FOR APPELLANT**

Gretchen A. Holderman
Richard G. Lillie
Lillie & Holderman Associates
75 Public Square
Suite 1313
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William H. Armstrong
Anthony W. Scott
Assistant Directors of Law, Cleveland
City of Cleveland – Law Department
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, J.:

{¶1} Aeon Financial, L.L.C., et al., ("Aeon") appeals from multiple sentences imposed by the Cleveland Municipal Court Housing Division ("Housing Court") for code violations regarding properties in the city of Cleveland ("Cleveland"). Aeon assigns the following errors for our review:

> I. Financial penalty of $50,000.00 for failure to comply with community control requirements is impermissible under law.
>
> II. Financial penalty of $50,000.00 for failure to comply with community control requirements is excessive.
>
> III. Community control sanctions penalty was not based upon evidence before the court.
>
> IV. Appellant's sentences in Case Nos. 2014-CRB-016711 and 2014-CRB-029277 are contrary to the statutory purpose of misdemeanor sentencing.

{¶2} Having reviewed the record and pertinent law, we vacate the $50,000 penalty, vacate the $5,000 fine, and modify the fine to $500 in Case No. 2013 CRB 005631; vacate the $5,000 fine, modify the fine to $500 in Case No. 2014 CRB 029277; reverse the $5,000 fine, and remand for resentencing in Case No. 2014 CRB 016711. The apposite facts follow.

{¶3} Aeon purchased tax certificates from the Cuyahoga County treasurer's office for multiple properties located in Cleveland. After paying the delinquent taxes, Aeon acquired title to the properties, many of which needed to be cleaned up, boarded up, or demolished. Cleveland cited Aeon for numerous municipal code violations, and starting in March 2013, filed associated criminal complaints in Housing Court. This appeal concerns three of Aeon's

Housing Court cases, in which Aeon pled no contest to the code violations, and the Housing Court imposed fines and/or sentenced Aeon to community control sanctions ("CCS").

### Facts and Procedural History of Case No. 2013 CRB 005631

{¶4} On September 19, 2013, Aeon pled no contest to one count of "Building Code Violation," listed on the docket as a minor misdemeanor, associated with the property located at 881 Thornhill Drive. Aeon was fined $5,000, with $4,500 suspended, and ordered to pay the fine by October 1, 2013. Aeon was also sentenced to one year of inactive probation and ordered "to maintain" the property.

{¶5} On June 16, 2015, the Housing Court magistrate found Aeon to be in violation of its CCS and imposed a $50,000 sanction against Aeon. The Housing Court adopted the magistrate's decision on the same day. On June 24, 2015, Aeon filed objections to the magistrate's decision, and on July 8, 2015, Aeon appealed the $50,000 sanction. On September 16, 2015, the Housing Court overruled Aeon's objections to the magistrate's decision and affirmed its own ruling. On September 23, 2015, Aeon appealed this journal entry.

### Facts and Procedural History of Case Nos. 2014 CRB 016711 and 2014 CRB 029277

{¶6} On January 27, 2015, Aeon pled no contest to one unidentified "Building Code Violation," listed on the docket as a first-degree misdemeanor, associated with the property located at 6808 Lorain Avenue. Aeon also pled no contest to a second unidentified "Building Code Violation," listed on the docket as a minor misdemeanor, associated with the property located at 1378 Larchmont Road. The no contest pleas reflect one day of violation for each

count.[1]   The Housing Court imposed a fine of $5,000 in each case, despite Cleveland's recommendation of a $500 fine per case.

**{¶7}**   On February 24, 2015, Aeon filed a motion to modify sentence.   On June 16, 2015, the Housing Court magistrate denied this motion.   On June 24, 2015, Aeon filed objections to the magistrate's decision, and on July 8, 2015, Aeon appealed the denial of its motion to modify sentence.   On September 16, 2015, the court overruled the objections to the magistrate's decision.   On September 23, 2015, Aeon appealed this journal entry.   All of Aeon's aforementioned appeals were consolidated into this case for our review.

### Transcript of Proceedings

**{¶8}**   Pursuant to App.R. 9(B), "[t]he appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court."   Cleveland argues in its appellate brief that Aeon failed to file a transcript in accordance with App.R. 9, and as a result, this court must presume regularity and affirm the Housing Court proceedings.   *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

**{¶9}**   The Housing Court held a hearing on June 9, 2015 in all three cases that are the subject of this appeal.   At that hearing, the Housing Court denied Aeon's motion to modify or reduce sentence in Case Nos. 2014 CRB 016711 and 2014 CRB 029277, and imposed the $50,000 sanction for CCS violations in Case No. 2013 CRB 005631.   These actions were memorialized in the magistrate's decisions and journalized in Housing Court orders, from which

---

[1]A separate offense may be charged for each day in which a code violation is not remedied.  *Cleveland v. Go Invest Wisely, L.L.C.*, 8th Dist. Cuyahoga Nos. 95178, 95179, 95180, 95181, 95182, and 95447, 2011-Ohio-3461, ¶ 5-13. In this case, however, Cleveland concedes that as part of Aeon's plea, the parties agreed to a conviction for one day of violation in each case.

Aeon appeals. Aeon filed the transcript from the June 9, 2015 hearing, and upon review, we find that this complies with App.R. 9.

## Final Appealable Order

**{¶10}** Cleveland also argues that this court lacks jurisdiction to hear this appeal as it relates to Case Nos. 2014 CRB 016711 and 2014 CRB 029277, because Aeon did not appeal the original sentences imposed by the trial court. Rather, Aeon appealed the Housing Court's denial of its motion to modify sentence. However, to the extent that Aeon's sentence is void as being contrary to law, "[t]he sentence may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 30. Upon review, we determine that this court's jurisdiction is proper.

## Misdemeanor Sentencing

**{¶11}** Misdemeanor sentencing is governed by R.C. 2929.21 through 2929.28. Courts have discretion to determine appropriate sentences for misdemeanor convictions within the statutory limits. *See Cleveland v. Peoples*, 8th Dist. Cuyahoga No. 100955, 2015-Ohio-674. "Unless a specific sanction is required to be imposed or is precluded from being imposed * * *, a court that imposes a sentence upon an offender for a misdemeanor may impose on the offender any sanction or combination of sanctions under sections 2929.24 to 2929.28 of the Revised Code." R.C. 2929.22.

### First-Degree Misdemeanors
### Case No. 2014 CRB 016711

**{¶12}** R.C. 2929.28 governs the fines a court may impose for misdemeanor offenses, and R.C. 2929.31 increases the amount of the fine if the offender is an organization. Neither party

disputes that Aeon is an organization under the statute, and the maximum fine the court may impose for a first-degree misdemeanor conviction against Aeon is $5,000. R.C. 2929.31(A)(8).

{¶13} In Case No. 2014 CRB 016711, Aeon pled no contest to a first-degree misdemeanor, and the court imposed a $5,000 fine. We find that this sentence is within the statutory range. In Aeon's fourth assigned error, we are asked to review whether this maximum fine is contrary to the purposes of misdemeanor sentencing.

{¶14} "The overriding purposes of misdemeanor sentencing are to protect the public from future crime by the offender and to punish the offender." R.C. 2929.21(A). In sentencing for a misdemeanor, the "court shall consider the impact of the offense upon the victim and the need for changing the offender's behavior, rehabilitating the offender, and making restitution to the victim of the offense, the public, or the victim and the public." *Id.*

{¶15} Misdemeanor sentences "shall be reasonably calculated to achieve the two overriding purposes of misdemeanor sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar offenses committed by similar offenders." R.C. 2929.21(B).

{¶16} R.C. 2929.21(B)(1) lists factors that the court shall consider in determining an appropriate misdemeanor sentence:

(a) The nature and circumstances of the offense or offenses;

(b) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c) Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has

been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d) Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e) Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f) Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses;

(g) The offender's military service record.

{¶17} In the case at hand, Aeon pled no contest to the first-degree misdemeanor on January 27, 2015, and Cleveland agreed to recommend to the Housing Court that Aeon be fined $500. However, the Housing Court imposed the maximum fine of $5,000 and advised Aeon to pay the court costs and the cost of demolishing the two houses at 6808 Lorain Avenue and 1478 Larchmont Road, which are the subject of Case Nos. 2014 CRB 016711 and 2014 CRB 029277. The Housing Court further advised Aeon that, when the costs were paid, Aeon should file a motion to modify sentence requesting a reduction of the fine to $500.

{¶18} Aeon paid the court costs and the demolition costs, and on February 24, 2015, filed its motion to modify sentence in Case Nos. 2014 CRB 016711 and 2014 CRB 029277. It does not appear from the record that Cleveland opposed this motion. On June 9, 2015, the Housing Court held a hearing on Aeon's motion to modify sentence.

{¶19} We are mindful of the long-standing rule that "Ohio courts have no authority to reconsider their own valid final judgments in criminal cases." *Brook Park v. Necak*, 30 Ohio App.3d 118, 120, 506 N.E.2d 936 (8th Dist.1986). This rule applies to sentencing: "Once a trial

court has carried into execution a valid sentence, the court no longer has the power to modify that sentence absent statutory authority to do so. * * * Should a trial court retain jurisdiction to modify an otherwise valid sentence 'the defendant would have no assurance about the punishment's finality.'" (Citation omitted.) *State v. Longmire*, 11th Dist. Portage No. 2001-P-0014, 2002-Ohio-7153, ¶ 14-15.

{¶20} In the instant case, the Housing Court instructed Aeon to file a motion that the court had no authority to grant. In the interests of justice, we will not penalize a party for following a court's instruction. Accordingly, we review the Housing Court's $5,000 fine against Aeon on its merits.

{¶21} At the June 9, 2015 hearing, Aeon's counsel testified that as part of the plea, Aeon agreed to pay the court costs and demolition costs, and Cleveland amended the charges to one day of violation and recommended a $500 fine. According to Aeon's counsel, "the City of Cleveland laid out the terms of the agreement on the record, and the Court acknowledged the parties [sic] agreement and proceeded to call the case for a plea * * *." The Housing Court accepted the plea, imposed the maximum fine of $5,000, and advised Aeon to file a motion to modify sentence after it satisfied the requirements of the plea.

{¶22} Aeon presented evidence that the house on 6808 Lorain Avenue, which is the property associated with Case No. 2014 CRB 016711, had been demolished, and Aeon paid the demolition fees. Additionally, Aeon paid the court costs. Aeon also hired a contractor to maintain other properties it owned in Cleveland, including "grass cutting, minor boarding up, picking up debris, visiting properties on a regular basis, and notifying any authority if that's required regarding the condition of the properties." Evidence was also presented that Aeon sold

a number of properties in Cleveland, and several other properties were "under contract and ready to close."

**{¶23}** Cleveland did not oppose Aeon's motion to modify sentence, nor did it challenge Aeon's evidence or present any evidence of its own at the hearing.

**{¶24}** Aeon argues that its satisfaction of the requirements in the plea bargain, the "considerable progress" it has made regarding other properties, and a reduced fine of $500 would serve to "protect the public, * * * provide sufficient punishment * * * [and] serve the interest of justice."

**{¶25}** The Housing Court denied Aeon's motion to modify sentence, finding that, although the property at 6808 Lorain Avenue was "well taken care of, * * * there is no reason to mitigate * * * given the general wholesale failure to be responsible property" owners. Specifically, the Housing Court viewed pictures of Aeon's other 37 properties and found a property that needed its grass cut, a property with collapsed steps, a property with a sagging porch, and a property that was missing roof shingles. The Housing Court concluded that the "photographs show that the properties were not in good repair." The Housing Court stated on the record:

> Your client has this responsibility, but just doesn't care. It doesn't visit the properties. It doesn't have a list of them. [It] doesn't have a contractor that works to repair them. It's trying to go as cheap as it can to avoid paying any money to make these repairs so it could have a better bottom line instead of a worst [sic] one. Well that's not what's allowed. * * * I don't think Aeon is going to do anything until I begin to fine them enough that it is a wake up call.

**{¶26}** In overruling Aeon's objections to the magistrate's decision, the court found the following regarding misdemeanor sentencing factors under R.C. 2929.22:

The magistrate's knowledge that [Aeon] had violated the terms of its community control sentence in the other case by failing to make repairs at three other properties it owned was relevant to the question of whether [Aeon] was likely to re-offend. The evidence that [Aeon] had failed to make repairs at 37 properties it currently owned was also relevant to that issue. Both were aggravating factors that the magistrate could properly consider.

{¶27} Upon review, we find that the Housing Court's imposition of the maximum fine, along with its denial of Aeon's motion to modify sentence, is not supported by competent, credible evidence in the record and is not in line with the statutory purpose of misdemeanor sentencing. It is undisputed that Aeon paid for the demolition of the house at issue, as well as the court costs. Aeon presented evidence that it hired a contractor who visited the properties, which does not support the Housing Court's finding that Aeon did not visit the properties or have a contractor. The photographs of Aeon's other properties show that most of them are well maintained, which contradicts the Housing Court's conclusion that Aeon "failed to make repairs at 37 properties it currently owned * * *." Furthermore, the Housing Court's reference to Aeon violating the terms of its CCS should not haven been taken into consideration, because, as noted below, the CCS was not valid.

{¶28} The evidence in the record shows that Aeon was working with Cleveland to maintain and/or sell its properties. The Housing Court acknowledged this at the hearing, stating, "I understand that you're trying, but you're certainly not trying hard enough." Aeon was serving the statutory purpose of "protecting the public" by demolishing the house under the guise that it would be "punished" with a $500.00 fine. Therefore, we find that the maximum fine of $5,000.00 is not commensurate with Aeon's conduct.

**{¶29}** Accordingly, Aeon's fourth assigned error is sustained and this matter is remanded to the Housing Court for resentencing of the maximum fine.

## Minor Misdemeanors
## Case No. 2014 CRB 02927

**{¶30}** The maximum fine a court may impose for a minor misdemeanor conviction against an organization is $1,000.00.   R.C. 2929.31 (A)(12).

**{¶31}** In Case No. 2014 CRB 029277, Aeon pled guilty to a minor misdemeanor, and the Housing Court imposed a $5,000.00 fine.   This fine is outside the limits of the sentencing statutes regarding minor misdemeanors, and is, therefore, contrary to law.   "Crimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute.   A court has no power to substitute a different sentence for that provided for by statute or one that is either greater or lesser than that provided for by law."   *Colegrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964).

**{¶32}** Pursuant to R.C. 2953.08(G)(2)(a) and (b), this court, upon finding that a sentence is clearly and convincingly contrary to law, "may increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing."   *See also State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

**{¶33}** Accordingly, Aeon's fourth assigned error is sustained and the fine is modified to $500.00, which is what the parties agreed to recommend to the Housing Court.

## Minor Misdemeanors
## Case No. 2013 CRB 005631

**{¶34}** In Case No. 2013 CRB 005631, Aeon pled guilty to a minor misdemeanor, and the court imposed a fine of $5,000.00, with $4,500.00 suspended.   As the maximum fine authorized against organizations for minor misdemeanors is $1,000.00, this fine is contrary to law.

Pursuant to this court's authority under R.C. 2953.08(G)(2), the fine is modified to $500.00, which is the non-suspended portion of the fine the court imposed.

**{¶35}** Additionally, the Housing Court sentenced Aeon to one year of "inactive probation," also known as CCS, and subsequently fined Aeon $50,000.00 for violating the terms of this CCS.

**{¶36}** In *Lakewood v. Ryan*, 8th Dist. Cuyahoga No. 94770, 2010-Ohio-5370, ¶ 14, this court held that "in Ohio, community control sanctions are permissible in all but minor misdemeanor cases." R.C. 2929.25(A)(1) expressly states that CCS may be imposed "in sentencing an offender for a misdemeanor, other than a minor misdemeanor * * *." In *Ryan*, the defendant was convicted of disorderly conduct, which is a minor misdemeanor, and the court sentenced him to CCS for one year. *Id.* at ¶ 21. This court reversed, finding that "the trial court imposed a sentence contrary to law." *Id.* *See also State v. McMullan*, 3d Dist. Shelby No. 17-05-09, 2005-Ohio-4442, ¶ 7 ("the trial court lacked authority to impose any probationary sentencing terms" for a minor misdemeanor; thus, the "probationary sentencing terms are unenforceable").

**{¶37}** Upon review, we find that the court lacked the authority to impose CCS for the minor misdemeanor conviction in Case No. 2013 CRB 005631. *See* R.C. 2929.22 (a court has broad discretion in misdemeanor sentencing "[u]nless a specific sanction is * * * precluded from being imposed"). Consequently, the Housing Court lacked authority to penalize Aeon for violating the improperly imposed CCS. Accordingly, the CCS and the $50,000.00 fine are vacated.

**{¶38}** Aeon's first assigned error is sustained, and its second and third assigned errors are rendered moot under App.R. 12(A)(1)(c).

**{¶39}** Judgment vacated in part, reversed in part, and remanded for the limited purpose of resentencing consistent with this opinion in Case No. 2014- CRB-016711.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cleveland Municipal Court Housing Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY J. BOYLE, P.J., and
SEAN C. GALLAGHER, J., CONCUR