[Cite as *Univ. Hts. v. Univ. Realty USA, L.L.C.*, 2022-Ohio-3034.]
**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

CITY OF UNIVERSITY HEIGHTS,          :

     Plaintiff-Appellee,          :

                                       No. 110728

     v.          :

UNIVERSITY REALTY USA, LLC,          :

     Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 1, 2022

---

Civil Appeal from the Shaker Heights Municipal Court
Case No. 19CRB01016

---

### *Appearances:*

Nicola, Gudbranson & Cooper, LLC, and Michael E. Cicero, *for appellee.*

Friedman & Nemecek, L.L.C., Eric C. Nemecek, and Mary K. Walsh, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant, University Realty USA, LLC ("University Realty"), appeals the trial court's imposition of fines and asks this court to vacate the

sentence and remand the matter to the trial court for a new sentencing hearing. We affirm the trial court's decision.

## I. Facts and Procedural History

{¶ 2} University Realty was operating a synagogue out of a single-family residence in the city of University Heights. On September 6, 2019, plaintiff-appellee city of University Heights (the "city") filed five violations against University Realty, alleging that University Realty violated several University Heights Codified Ordinances ("UHCO"). The counts included two counts in violation of UHCO 1280.11, Home Occupations Regulated; one count in violation of UHCO 1420.03, Review of Plans; one count in violation of UHCO 1420.02, Payment of Filing Fee required; and UHCO 1274.04(a), Parking Facilities.

{¶ 3} On May 12, 2021, University Realty pleaded no contest to each of the counts, and the trial court found University Realty guilty of each violation and scheduled a sentencing hearing for June 23, 2021. On May 28, 2021, the city amended the violations to one count in violation of UHCO 1420.02, Payment of Filing Fee Required; one count in violation of UHCO 1274.04(a), Parking Facilities; and one count in violation of UHCO 1250.02, Permitted Uses. Each violation was committed for 187 days, totaling 561 total counts.

{¶ 4} On June 23, 2021, a hearing was held and the city was permitted to amend the violations postconviction. On July 8, 2021, a sentencing hearing was held, and the court's docket reflects that University Realty was found guilty on all

three counts of the amended complaint. University Realty requested that the court consider a fine that was a fraction of the statutory maximum amount and suggested a fine of $25,000. After considering the evidence and counsel's arguments, the trial court imposed the following sentence on the violation of UHCO 1420.02 count: the court fined University Realty $1,000 a day from February 1, 2019, to February 20, 2019, and placed University Realty on four years of probation. The daily fine and probation were suspended from February 21, 2019, through August 7, 2019. On the violation of UHCO 1250.02, the trial court fined University Realty $5,000 a day from February 1, 2019, through February 6, 2019, and placed them on four years of probation. The daily fine and probation were suspended from February 7, 2019, through August 7, 2019. On the violation of UHCO 1274.04(a), the trial court fined University Realty $2,500 a day from February 1, 2019, through February 6, 2019, and placed them on four years of probation. The $2,500 daily fine and the four years of probation were suspended from March 10, 2019, through August 7, 2019.

{¶ 5} University Realty was fined $1,590,000 in total. However, fines of $1,525,000 were suspended. The total amount of fines assessed to University Realty was $65,000,[1] $40,000 more than University Realty requested. Additionally, costs of $66,730 were assessed to University Realty. University Realty filed this appeal, assigning two errors for our review:

---

[1] The city's brief incorrectly states that the total costs assessed to University Realty was $50,000. However, the journal entry states that the costs assessed were $65,000.

I. The sentencing court committed an abuse of discretion by imposing almost $1.6 million in fines for misdemeanor convictions without considering, and in contravention of, the sentencing factors set forth in R.C. 2929.22; and

II. The sentence is contrary to law because the trial court imposed fines that exceeded the maximum amounts permitted under local ordinance and the Ohio Revised Code.

## II. Sentencing Factors

### A. Standard of Review

{¶ 6} "A trial court enjoys broad discretion in imposing sentence on a misdemeanor offense." *Lakewood v. Dobra*, 8th Dist. Cuyahoga No. 106001, 2018-Ohio-960, ¶ 8, citing *Cleveland v. Meehan*, 8th Dist. Cuyahoga No. 100202, 2014-Ohio-2265, ¶ 7. "The sentence imposed by the trial court will not be disturbed on appeal absent an abuse of this discretion." *Id.*

{¶ 7} An abuse of discretion connotes more than an error in law or judgment; rather it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). More recent decisions have held that "[a] court abuses its discretion when a legal rule entrusts a decision to a judge's discretion and the judge's exercise of that discretion is outside the legally permissible range of choices." *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 19. An abuse of discretion may also be found "where a trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.'"

*Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.).

{¶ 8} "In fashioning a misdemeanor sentence, a trial court must consider the overriding purposes of misdemeanor sentencing 'to protect the public from future crime by the offender and others and to punish the offender.'" *Dobra* at ¶ 9, quoting R.C. 2929.21. "The trial court must also consider all factors enumerated in R.C. 2929.22(B)." *Id.*

{¶ 9} "This court has held that the trial court's failure to consider these factors constitutes an abuse of discretion." *Id.* at ¶ 10, citing *Maple Hts. v. Sweeney*, 8th Dist. Cuyahoga No. 85415, 2005-Ohio-2820, ¶ 7. "However, the trial court is not required to make factual findings on the record related to these factors." *Id.*, citing *id.* at ¶ 8. "Indeed, 'when a misdemeanor sentence is within the statutory limits, the trial court is presumed to have considered the required factors [under R.C. 2929.22], absent a showing to the contrary by the defendant.'" *Id.*, quoting *id.*

## B. Law and Analysis

{¶ 10} In University Realty's first assignment of error, they argue that the trial court abused its discretion by imposing a fine of almost $1.6 million without considering the sentencing factors set forth in R.C. 2929.22. R.C. 2929.22(B) states:

(1)    In determining the appropriate sentence for a misdemeanor, the court shall consider all of the following factors:

    (a)    The nature and circumstances of the offense or offenses;

(b)    Whether the circumstances regarding the offender and the offense or offenses indicate that the offender has a history of persistent criminal activity and that the offender's character and condition reveal a substantial risk that the offender will commit another offense;

(c)    Whether the circumstances regarding the offender and the offense or offenses indicate that the offender's history, character, and condition reveal a substantial risk that the offender will be a danger to others and that the offender's conduct has been characterized by a pattern of repetitive, compulsive, or aggressive behavior with heedless indifference to the consequences;

(d)    Whether the victim's youth, age, disability, or other factor made the victim particularly vulnerable to the offense or made the impact of the offense more serious;

(e)    Whether the offender is likely to commit future crimes in general, in addition to the circumstances described in divisions (B)(1)(b) and (c) of this section;

(f)    Whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses; and

(g)    The offender's military service record.

(2)    In determining the appropriate sentence for a misdemeanor, in addition to complying with division (B)(1) of this section, the court may consider any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code.

{¶ 11} Although the trial court assessed $1,590,000 in fines, it suspended all but $65,000. In its journal entry, the trial court did not make factual findings on the record or incorporate its findings in its journal entry that it considered the

required factors under R.C. 2929.22. However, the trial court is not required to make the factual findings on the record if the sentence is within the statutory limits. *See State v. Thompson*, 8th Dist. Cuyahoga No. 107524, 2019-Ohio-1777, ¶ 26. University Realty has not demonstrated that the trial court did not consider the required factors under R.C. 2929.22 before sentencing. The fact that the trial court suspended $1,540,000 in fines and also suspended the probationary period is reflective of the trial court's consideration of the required factors. University Realty requested that the trial court impose fines that were a fraction of the statutory permissible amount. The record reveals that the trial court obliged.

{¶ 12} University Realty also argued that the trial court did not consider their ability to pay the fine under R.C. 2929.22(F). However, University Realty's reliance on R.C. 2929.22(F) is misplaced because this portion of the statute has not existed since 2004. Additionally, University Realty requested that the trial court impose a $25,000 fine, which suggests that there is an ability to pay.

{¶ 13} Therefore, University Realty's first assignment of error is overruled.

## III. Sentence Contrary to Law

### A. Standard of Review

{¶ 14} "Ordinarily, courts of appeal review misdemeanor sentences for an abuse of discretion." *Cleveland v. Jaber*, 8th Dist. Cuyahoga No. 109648, 2021-Ohio-1486, ¶ 10, citing *S. Euclid v. Bickerstaff*, 8th Dist. Cuyahoga No. 107526, 2019-Ohio-2223, ¶ 11. "However, when a misdemeanor sentence for financial sanctions is imposed above the statutory maximum, those sentences are deemed to

be contrary to law." *Id.*, citing *Cleveland v. Aeon Fin., L.L.C.*, 8th Dist. Cuyahoga No[s]. 103235, [103236, 103532, and 103533], 2016-Ohio-4559, ¶ 31.

### B. Law and Analysis

{¶ 15} In University Realty's second assignment of error, they contend that the sentence imposed by the trial court is contrary to law because the trial court imposed fines that exceeded the maximum amounts permitted under local ordinances and the Ohio Revised Code. At sentencing, the trial court assessed $1,590,000 in fines, and it suspended all but $50,000 in total.

{¶ 16} On the violation of the UHCO 1420.02 count, the court fined University Realty $1,000 a day from February 1, 2019, to February 20, 2019, and placed University Realty on four years of probation. The daily fine and probation were suspended from February 21, 2019, through August 7, 2019. On the violation of UHCO 1250.02, the trial court fined University Realty $5,000 a day for February 1, 2019, through February 6, 2019, and placed them on four years of probation. The daily fine and probation were suspended from February 7, 2019, through August 7, 2019. On the violation of UHCO 1274.04(a), the trial court fined University Realty $2,500 a day from February 1, 2019, through February 6, 2019, and placed them on fours of probation. The $2,500 daily fine and the four years of probation were suspended from March 10, 2019, through August 7, 2019.

{¶ 17} University Realty contends that the trial court should have fined them $1,000 a day for the UHCO 1250.02 and 1274.04(a) violations instead of $2,500 a day, in accordance with UHCO 698.02(f)(B)(1)(a). However, at sentencing, the trial

court determined that University Realty is a corporate entity for the purposes of sentencing under UHCO 606.09(a)(2), (3), and (4) and R.C. 2901.23, which applies because University Realty is an organization under the definition of the statute; they committed building and zoning code offenses; and these offenses are strict liability offenses. *See N. Olmsted v. Rock*, 8th Dist. Cuyahoga No. 105566, 2018-Ohio-1084, ¶ 20. UHCO 606.09 and R.C. 2901.23 state:

(a) An organization may be convicted of an offense under any of the following circumstances:

(1) The offense is a minor misdemeanor committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of the officer's, agent's, or employee's office or employment, except that if the section defining the offense designates the officers, agents, or employees for whose conduct the organization is accountable or the circumstances under which it is accountable, those provisions shall apply.

(2) A purpose to impose organizational liability plainly appears in the section defining the offense, and the offense is committed by an officer, agent, or employee of the organization acting in its behalf and within the scope of the officer's, agent's, or employee's office or employment, except that if the section defining the offense designates the officers, agents, or employees for whose conduct the organization is accountable or the circumstances under which it is accountable, those provisions shall apply.

(3) The offense consists of an omission to discharge a specific duty imposed by law on the organization.

(4) If, acting with the kind of culpability otherwise required for the commission of the offense, its commission was authorized, requested, commanded, tolerated, or performed by the board of directors, trustees, partners, or by a high managerial officer, agent, or employee acting

in behalf of the organization and within the scope of such a board's or person's office or employment.

(b)     If strict liability is imposed for the commission of an offense, a purpose to impose organizational liability shall be presumed, unless the contrary plainly appears.

(c)     In a prosecution of an organization for an offense other than one for which strict liability is imposed, it is a defense that the high managerial officer, agent, or employee having supervisory responsibility over the subject matter of the offense exercised due diligence to prevent its commission. This defense is not available if it plainly appears inconsistent with the purpose of the section defining the offense.

(d)     As used in this section, "organization" means a corporation for profit or not for profit, partnership, limited partnership, joint venture, unincorporated nonprofit association, estate, trust, or other commercial or legal entity. "Organization" does not include an entity organized as or by a governmental agency for the execution of a governmental program.

{¶ 18} "R.C. 2929.28 governs the fines a court may impose for misdemeanor offenses, and R.C. 2929.31 increases the amount of the fine if the offender is an organization." *Aeon Fin., L.L.C.*, 8th Dist. Cuyahoga Nos. 103235, 103236, 103532, and 103533, 2016-Ohio-4559, at ¶ 12. Because University Realty is an organization under UHCO 606.09, UHCO 698.04(a)(1) applies, which states, in part:

(a)     Regardless of the other penalties provided in Section 698.02, an organization convicted of an offense pursuant to Section 606.09 shall be fined by the court as follows:

(1)     For a misdemeanor of the first degree, not more than five thousand dollars ($5,000.00).

{¶ 19} University Realty was found guilty of 561 first-degree misdemeanor counts. The sentencing fines applied to each count. Thus, the trial court, in

accordance with the statute, could have fined University Realty $2,805,000 instead of $50,000. Additionally, if the trial court accepted University Realty's expectation of a fine of $1000 for each count, they would be responsible for $561,000, more than the $50,000 fined after the suspension of fines. We find that this sentence is within the statutory range. *See Aeon Fin., L.L.C.* at ¶ 13.

{¶ 20} Therefore, University Realty's second assignment of error is overruled.

{¶ 21} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Shaker Heights Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

MICHELLE J. SHEEHAN, J., CONCURS;
EILEEN T. GALLAGHER, J., CONCURS IN JUDGMENT ONLY