[Cite as *Parma v. Wiseman*, 2015-Ohio-4983.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102404**

## CITY OF PARMA

PLAINTIFF-APPELLEE

vs.

## RODNEY L. WISEMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AS MODIFIED

Criminal Appeal from the
Parma Municipal Court
Case No. 14CRB04215

**BEFORE:** Blackmon, J., Keough, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** December 3, 2015

**ATTORNEY FOR APPELLANT**

John W. Gold
101 W. Water Street
Sandusky, Ohio 44870


**ATTORNEYS FOR APPELLEE**

Timothy G. Dobeck
Law Director/Chief Prosecutor
City of Parma
6611 Ridge Road
Parma, Ohio 44129

By: Richard A. Neff
Assistant Prosecutor
City of Parma
5555 Powers Boulevard
Parma, Ohio 44129

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant Rodney L. Wiseman ("Wiseman") appeals his conviction for theft and assigns the following assigned error for our review:

> Appellant was denied his right to counsel when the trial court proceeded to a bench trial without establishing that appellant effectively waived his right to counsel.

{¶2} Having reviewed the record and pertinent law, we vacate that portion of Wiseman's sentence that imposed jail time and affirm Wiseman's conviction as modified. The apposite facts follow.

{¶3} On August 25, 2014, the city of Parma charged Wiseman with one count of theft, a first-degree misdemeanor. On September 10, 2014, Wiseman was arraigned. Because there were so many defendants in court that day, the trial court stated that in order to save time, the court would explain to them as a group the various pleas they could enter and constitutional rights they would be waiving. The trial court stated as follows:

> Good afternoon ladies and gentlemen. This is what they call an arraignment or initial appearance to tell you what you're charged with, which you already know, explain your constitutional rights to you and your plea options and then of course take a plea from you. As far as your constitutional rights and your plea options, we kind of try to do that as a group so that you don't have to hear it one at a time when you come up here over and over again. You'll get sick of hearing the same thing over 50 times so we'll dispense with that.

Tr. 2.

{¶4} In explaining the defendants' right to counsel, the court told the group:

You have the right to counsel and you have the right in many cases to have counsel appointed for you if you qualify financially and cannot afford to obtain your own.

Tr. 2-3.

{¶5} After explaining their right to a jury trial, the court stated as follows:

Your right to a jury trial, your right to a public defender does have an exception. If the only thing you are charged with is classified as what's known as a minor misdemeanor, and what that is is an offense that carries no potential of any kind of jail time, the court couldn't do it if they wanted to, number one, number two carries a fine of no more that $150 plus any applicable court costs. If that is all you're charged with you do not have the right to a public defender, you obviously may hire your own attorney if you wish * * *.

Tr. 3.

{¶6} When it came Wiseman's turn to enter a plea, he pled not guilty. No dialogue appears in the record between the court and Wiseman regarding waiver of counsel. Instead, two months later, Wiseman appeared and represented himself in a bench trial.

{¶7} The trial court found Wiseman guilty of theft and sentenced him to 90 days in jail and imposed a $250 fine. The trial court suspended 87 of the days in jail and suspended $150 of the fine and placed Wiseman on probation for 18 months.

## Waiver of Counsel

{¶8} In his sole assigned error, Wiseman argues the trial court erred by proceeding to a bench trial without establishing that Wiseman waived his right to counsel.

{¶9} A "petty offense" is "a misdemeanor other than [a] serious offense." Crim.R. 2(D). Under Crim.R. 2(C), a "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than

six months." The maximum penalty for Wiseman's petty theft conviction, a first-degree misdemeanor, is confinement for six months. R.C. 2929.24(A)(1). Therefore, his theft offense constitutes a petty offense.

{¶10} A defendant is entitled to counsel in petty offense cases unless he "knowingly, intelligently, and voluntarily waives assignment of counsel." Crim.R. 44(B). Moreover, under Crim.R. 44(B), the trial court could not sentence Wiseman to a term of incarceration absent a valid waiver of counsel. Crim.R. 44(B) states as follows:

> Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

{¶11} If a defendant in a petty offense case chooses to waive counsel, the waiver must occur in open court and be recorded. *See* Crim.R. 22 and 44(C). To be valid, "'such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" *State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976), quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

**{¶12}** In the instant case, a review of the transcript establishes that the trial court never had the necessary dialogue with Wiseman regarding the waiver of counsel. There is also no record that Wiseman waived his right to counsel in open court. A waiver of the right to counsel cannot be presumed from a silent record because any such waiver must be affirmatively set forth on the record. *State v. Dryer*, 117 Ohio App.3d 92, 95, 689 N.E.2d 1034 (2d Dist.1996). The fact that he appeared without counsel does not create the implication that he waived counsel.

**{¶13}** The court's failure to obtain a valid waiver of counsel in a petty offense case prevents the trial court from imposing a sentence on the defendant. It does not vacate the entire conviction. *Lyndhurst v. Di Fiore*, 8th Dist. Cuyahoga No. 93270, 2010-Ohio-1578; *State v. Haag*, 49 Ohio App.2d 268, 271, 360 N.E.2d 756 (9th Dist.1976); *State v. Knight*, 9th Dist. Lorain No. 11CA010034, 2012-Ohio-5816; *State v. Dowey*, 9th Dist. Summit No. 25963, 2012-Ohio-4915; *State v. Boughner*, 11th Dist. Geauga No. 98-G-2161, 1999 Ohio App. LEXIS 6116 (Dec. 17, 1999); *Oakwood v. Shackelford*, 8th Dist. Cuyahoga No. 50062, 1986 Ohio App. LEXIS 5486 (Jan. 30, 1986). Accordingly, Wiseman's assigned error is sustained. However, in accordance with the above precedence, we can only modify Wiseman's sentence by vacating the part imposing jail time.

**{¶14}** Judgment affirmed as modified.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Parma Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON,   JUDGE

KATHLEEN ANN KEOUGH, P.J., and
ANITA LASTER MAYS, J., CONCUR