[Cite as *Lyndhurst v. Lasker-Hall*, 2016-Ohio-108.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102806**

## CITY OF LYNDHURST

PLAINTIFF-APPELLEE

vs.

## ALEXANDER LASKER-HALL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED AS MODIFIED, REMANDED
FOR CORRECTION

Criminal Appeal from the
Lyndhurst Municipal Court
Case No. 15 CRB 00207

**BEFORE:**   Blackmon, J., Jones, A.J., and Boyle, J.

**RELEASED AND JOURNALIZED:**   January 14, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By: Erika B. Cunliffe
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael E. Cicero
Prosecuting Attorney, City of Lyndhurst

By: Vincent A. Feudo
Nicola Gudbranson & Cooper
25 West Prospect Avenue
Republic Building, Suite 1400
Cleveland, Ohio 44115

PATRICIA ANN BLACKMON, J.:

**{¶1}** Appellant Alexander Lasker-Hall ("Lasker-Hall") appeals his theft conviction and assigns the following two errors for our review:

> I.   The 180-day sentence of confinement the municipal court imposed following Mr. Lasker-Hall's no contest plea is not valid because it was entered without advice of counsel and the record fails to reflect a knowing and intelligent waiver of that right in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Ohio Crim.R. 44.

> II.   The court needs to remand Lasker-Hall's case for a nunc pro tunc order correcting the sentencing journal entry so that it accurately reflects the total value of listed items allegedly involved in the attempted theft.

**{¶2}**   Having reviewed the record and pertinent law, we vacate that portion of Lasker-Hall's sentence that imposed jail time and affirm Lasker-Hall's conviction as modified.   We also remand the matter for the trial court to issue a nunc pro tunc order with the correct amount of restitution.   The apposite facts follow.

**{¶3}**   The city of Lyndhurst charged Lasker-Hall with one count of attempted theft, a first-degree misdemeanor.   The charge arose out of 18-year old Lasker-Hall taking items from a vehicle parked in the Brush High School parking lot without permission of the owner.   The items stolen consisted of baseball equipment and clothing.  Lasker-Hall entered a plea of no contest.

**{¶4}**   The trial court then advised him:

> You're giving up the right to counsel, face your accusers, cross-examine witnesses, bring witnesses here on your own behalf, have a trial by judge or jury requiring the prosecutor to prove all the elements of the attempted theft misdemeanor of the first-degree punishable up to six months in jail and $1,000 fine beyond a reasonable doubt.

Tr. 4-5.

**{¶5}** Lasker-Hall indicated that he understood the rights he was waiving. The court then ascertained that he was making the plea knowingly, intelligently, and voluntarily and reminded him he had the right to remain silent. Lasker-Hall indicated he understood.

**{¶6}** The trial court then found him guilty of attempted theft and sentenced him to $250 in costs and 180 days in jail with credit for three days served. The court also imposed restitution in the amount of $1,145.

**{¶7}** We granted Lasker-Hall's request to stay his sentence pending appeal.

## Waiver of Counsel

**{¶8}** In his first assigned error, Lasker-Hall argues that the trial court erred by accepting his no-contest plea without first determining that his waiver of counsel, for purposes of the plea hearing, was voluntarily, intelligently, and knowingly entered.

**{¶9}** A "petty offense" is "a misdemeanor other than [a] serious offense." Crim.R. 2(D). Under Crim.R. 2(C), a "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." The maximum penalty for Lasker-Hall's attempted theft conviction, a first-degree misdemeanor, is confinement for six months. R.C. 2929.24(A)(1). Therefore, his attempted theft offense constitutes a petty offense.

**{¶10}** A defendant is entitled to counsel in petty offense cases unless he "knowingly, intelligently, and voluntarily waives assignment of counsel." Crim.R. 44(B). Moreover, under Crim.R. 44(B), the trial court could not sentence Lasker-Hall to a term of incarceration absent a valid waiver of counsel. Crim.R. 44(B) states as follows:

Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

**{¶11}** If a defendant in a petty offense case chooses to waive counsel, the waiver must occur in open court and be recorded. *See* Crim.R. 22 and 44(C). To be valid, "'such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" *State v. Gibson*, 45 Ohio St.2d 366, 377, 345 N.E.2d 399 (1976), quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

**{¶12}** In the instant case, although a written waiver of counsel is in the record, a review of the transcript establishes that the trial court never had the necessary dialog with Lasker-Hall regarding the waiver of counsel. "A written waiver of counsel is not a substitute for compliance with the Criminal Rules which require an oral waiver in open court before a judge which is recorded." *Garfield Hts. v. Brewer,* 17 Ohio App.3d 216, 217, 479 N.E.2d 309 (8th Dist.1984). *See also State v. Putich*, 8th Dist. Cuyahoga No. 89005, 2008-Ohio-681, ¶ 45. The trial court only discussed the fact that by pleading no contest, Lasker-Hall waived certain constitutional rights, including the right to counsel.

There was absolutely no discussion by the trial court regarding Lasker-Hall's decision to represent himself at the plea hearing. Thus, the record does not show a valid waiver of counsel.

{¶13} We note that the prosecutor references the Fifth District decision in *State v. Goler*, 5th Dist. Licking No. 2014 CA 0098, 2015-Ohio-2562, for the premise that where a "waiver of attorney" form is signed by the defendant, only a short colloquy by the court is necessary. However, in *Goler*, the trial court discussed with the defendant the fact that the court would appoint an attorney to represent the defendant if he could not afford one and the benefits of having an attorney. The trial court in the instant case did not have any discussion with Lasker-Hall regarding his desire to represent himself at the plea hearing. The court only discussed his waiver in regards to the rights he was waiving by entering the plea.

{¶14} While the court's failure to obtain a valid waiver of counsel in a petty offense case prevents the trial court from imposing a sentence on the defendant, it does not vacate the entire conviction. *Parma v. Wiseman*, 8th Dist. Cuyahoga No. 102404, 2015-Ohio-4983; *Lyndhurst v. Di Fiore*, 8th Dist. Cuyahoga No. 93270, 2010-Ohio-1578; *State v. Haag*, 49 Ohio St.2d 268, 271, 360 N.E.2d 756 (9th Dist.1976); *State v. Knight*, 9th Dist. Lorain No. 11CA010034, 2012-Ohio-5816; *Oakwood v. Shackelford*, 8th Dist. Cuyahoga No. 50062, Ohio App. LEXIS 5486 (Jan. 30, 1986). Accordingly, Lasker-Hall's assigned error is sustained. However, in accordance with the above precedence, we can only modify his sentence by vacating the part imposing jail time.

## Restitution

{¶15} In his second assigned error, Lasker-Hall argues the trial court erred by miscalculating the amount of restitution. The state concedes that the trial court erred and agreed the trial court should issue a nunc pro tunc entry with the corrected restitution amount of $570.

{¶16} The list of stolen items was set forth in the trial court's journal entry as follows: an Easton walk-off Bat Bag, valued at $80; an Easton SL Bat, valued at $200; a Rawlings Gold Glove mitt, valued at $100; an Adidas mitt, valued at $50; baseball pants valued at $20; Nike compression tights, valued at $50; Reebok thermal shirt, valued at $35; workout band, valued at $20, and a first aid kit, valued at $15. The trial court indicated that the total amount of restitution was $1,145. The court, however, miscalculated because the total value of the items is $570.

{¶17} We conclude that the trial court's miscalculation constitutes a clerical error that can be corrected by the trial court issuing a nunc pro tunc entry pursuant to Crim.R. 36(A), with the correct amount of restitution.

{¶18} We also note that if Lasker-Hall can submit evidence that the property was indeed recovered, no restitution can be ordered. At the hearing, Lasker-Hall told the court that "all the items are still at the school." Tr. 6. The trial court responded that it "did not know that for sure, so somebody better tell me that. But right now, you're going to do 177 days in jail." Tr. 6. A trial court abuses its discretion when it orders restitution for stolen property that was recovered and returned to the victim because to do so would award the victim restitution in excess of the economic loss suffered, contrary to

R.C. 2929.19(A)(1). *State v. Perkins*, 3d Dist. Marion No. 9-13-52, 2014-Ohio-2242, ¶ 25. Accordingly, Lasker-Hall's second assigned error is sustained.

{¶19} Judgment affirmed as modified, but remanded for the trial court to issue a nunc pro tunc entry correcting the amount of restitution.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Lyndhurst Municipal Court to carry this judgment into execution. Case remanded to the trial court for correction of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

LARRY A. JONES, SR., A.J., and
MARY J. BOYLE, J., CONCUR