[Cite as *Cleveland v. Daniels*, 2018-Ohio-4773.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 106136

**CITY OF CLEVELAND**

PLAINTIFF-APPELLEE

vs.

**TYRONE M. DANIELS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART;
VACATED IN PART; REMANDED

Criminal Appeal from the
Cleveland Municipal Court Housing Division
Case No. 2017 CRB 009378

**BEFORE:** Celebrezze, J., McCormack, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 29, 2018

**ATTORNEYS FOR APPELLANT**

Mark A. Stanton
Cuyahoga County Public Defender
By:     John T. Martin
          Cullen Sweeney
Assistant Public Defenders
Courthouse Square, Suite 200
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
City of Cleveland
Director of Law
By:     Kortney Mosley
Assistant Director of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Tyrone Daniels ("appellant"), brings this appeal challenging his conviction and the trial court's sentence for failure to comply with an order of the city of Cleveland's Building Department.   Specifically, appellant argues that his no contest plea was invalid, there was no factual basis to support his conviction, he was deprived of his constitutional right to counsel, and the trial court erred in convicting him of 42 separate offenses.   After a thorough review of the record and law, we affirm appellant's conviction, vacate appellant's sentence, in part, and remand the matter for further proceedings consistent with this opinion.

## I.   Factual and Procedural History

{¶2} Appellant is the owner of a duplex located in Cleveland, Ohio.   In December 2016,

a city of Cleveland housing inspector inspected the duplex and observed several interior and exterior maintenance violations. On January 3, 2017, appellant was issued a notice of violation that ordered appellant to comply with the abatement of the violations by February 3, 2017. On March 16, 2017, the housing inspector once again inspected the duplex and found that the violations were not abated.

{¶3} Thereafter, the city of Cleveland filed a criminal complaint charging appellant with failure to comply with the building department's order, a first-degree misdemeanor in violation of Cleveland Codified Ordinance ("C.C.O.") Section 3103.25(e). On June 8, 2017, appellant, appearing before the trial court pro se, entered a plea of no contest to 42 counts of failure to comply constituting the 42 days in which he did not comply with the abatement of the violations, in accordance with C.C.O. Section 367.99 that states, "[e]ach day of a continuing violation [of the housing code] shall be deemed a separate offense." The trial court accepted appellant's no contest plea and made a finding of guilt on the 42 counts.

{¶4} Thereafter, at the sentencing hearing on July 13, 2017, appellant requested a continuance so that he could retain counsel, and sentencing was continued to allow him to retain counsel. On July 20, 2017, at the rescheduled sentencing hearing, appellant notified the trial court that he was unable to retain counsel, and requested court-appointed counsel. The sentencing hearing was continued to August 3, 2017. On that day, the trial court sentenced appellant, present with court-appointed counsel, to a three-day jail term and placed him on community control sanctions for a period of three years.

{¶5} On August 16, 2017, appellant filed the instant appeal challenging the trial court's judgment. He assigns five errors for review:

  I. There was no factual basis to support the conviction for the offense alleged in

the complaint.

II. [Appellant] never entered a plea of no contest in this case at the end of the plea colloquy.

III. [Appellant] was deprived of the assistance of counsel prior to entering his plea of no contest.

IV. The plea was not valid because [appellant] was misinformed about the potential penalties.

V. [Appellant] can only be convicted of one first-degree misdemeanor.

{¶6} For ease of discussion, we address appellant's individual assignments of error out of order.

## II. Law and Analysis

### A. Waiver of Counsel

{¶7} In his third assignment, appellant argues that the trial court violated his Sixth Amendment right to counsel. More specifically, he argues that the trial court made misstatements of law pertaining to the effect of his no contest plea and because of these misstatements, his no contest plea was not knowingly, intelligently, and voluntary entered.

{¶8} The Sixth and Fourteenth Amendments to the United States Constitution guarantee that persons brought to trial in any state or federal court must be afforded the right to the assistance of counsel before they can be validly convicted and punished by imprisonment. *See Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). "Although a defendant may eloquently express a desire to represent himself, a trial court must still satisfy certain parameters to ensure that the defendant's waiver of the constitutional right to counsel is made knowingly, intelligently, and voluntarily." *State v. Moore*, 2012-Ohio-1958, 970 N.E.2d 1098, ¶ 43 (8th Dist.). "To

establish an effective waiver of the right to counsel, the trial court must make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes that right." *Garfield Hts. v. Williams*, 8th Dist. Cuyahoga No. 102279, 2016-Ohio-381, ¶ 11, citing *State v. Gibson,* 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus.

{¶9} Pursuant to Crim.R. 44(A), a defendant is entitled to counsel "unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel." In order for the waiver of the right to counsel to be valid, it must be made "'with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.'" *Gibson* at 377, quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723, 68 S.Ct. 316, 92 L.Ed. 309 (1948). *Accord State v. Martin*, 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227, ¶ 40.

{¶10} Further, Crim.R. 44 differentiates between serious offenses and petty offenses. A petty offense is defined as "a misdemeanor other than a serious offense." Crim.R. 2(D). A serious offense "means any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Crim.R. 2(C). Pursuant to R.C. 2929.24(A)(3), the maximum term of imprisonment for a misdemeanor of the first degree is "not more than one hundred and eighty days." Therefore, the charges against appellant were petty offenses governed by Crim.R. 44(B) and (C).

{¶11} Regarding petty offenses, Crim.R. 44 provides in relevant part:

(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of

confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

{¶12} In considering the above analysis, we note that the trial court engaged in the following exchange with appellant at the change of plea hearing:

THE COURT: * * * [h]ow do you plea?

[APPELLANT]: No contest.

THE COURT: No contest? And there are certain rights that you would be waiving with a no contest plea. I'm going to make sure that you understand what those rights are as well as what the nature of charge and the maximum penalty.

* * *

Sir, by entering a no contest plea, there are certain rights that you are waiving. You're waiving the right to a trial. And that's a trial either to me as the judge or to a jury. So do you understand you're waiving your right to a trial?
[APPELLANT]: Yes.

THE COURT: There are certain rights that you have, that you would have at trial that you're also waiving with a no contest plea. You're waiving your right to have an attorney present with you. Do you understand that?

[APPELLANT]: Yes.

THE COURT: And do you wish to proceed without an attorney?

[APPELLANT]: Yes.

(Tr. 3-4.) The trial court then explained to appellant the maximum penalties, the waiver of the right against self-incrimination, the waiver of cross-examination of witnesses and subpoenaing witnesses, and the prosecution's burden of proof. Further, the trial court asked appellant: "[d]o you understand that by entering a no contest plea you are not admitting guilt, but you are admitting the truth of [the] facts that are alleged in the complaint?" To which appellant

responded "yes."[1]   (Tr. 5.)

{¶13} Appellant takes issue with the trial court's statement that "there are certain rights that you have, that you would have at trial that you're also waiving with a no contest plea * * * you're waiving your right to have an attorney present with you."   (Tr. 3.)   Appellant argues that this statement "undermines the validity of any waiver of the right to counsel."   Appellant's brief at 7.

{¶14} In our review of the plea hearing transcript, the trial court did not engage in the requisite colloquy to establish that appellant knowingly, intelligently, and voluntarily waived his right to counsel.   In particular, we note that the trial court failed to advise appellant of the dangers of self-representation and did not encourage him to proceed with court-appointed counsel.   Further, the trial court did not review the elements of the charges or any defenses to the charges.   The trial court briefly explained trial procedures to appellant and questioned him regarding his understanding of those procedures, but did not advise him that, if he elected to proceed pro se, he would be held to the same standards as an attorney.   *Cleveland v. Anderson*, 8th Dist. Cuyahoga No. 97787, 2013-Ohio-165, ¶ 10 (where this court noted that the trial court did not engage in any colloquy with the defendant "advising him of the nature of the charge, the statutory offense included within it, the range of allowable punishment, possible defenses to the charge and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the matter").   Accordingly, because the trial court did not engage in the requisite colloquy, it did not obtain a valid waiver of the right to counsel from appellant.

{¶15} Although appellant was represented by court-appointed counsel at the sentencing

---

[1] We note that the trial court did not obtain a written waiver of counsel form from appellant; however, because the offenses were not serious offenses, the trial court was not required to obtain a written waiver from him pursuant to Crim.R. 44.

hearing, this does not alleviate the fact that appellant was not represented by counsel at the plea hearing. Therefore, the trial court's failure to obtain a valid waiver of appellant's right to counsel prohibits the trial court from imposing a sentence. *See Lyndhurst v. Lasker-Hall*, 8th Dist. Cuyahoga No. 102806, 2016-Ohio-108, ¶ 14. *See also Parma v. Wiseman*, 8th Dist. Cuyahoga No. 102404, 2015-Ohio-4983; *Lyndhurst v. Di Fiore*, 8th Dist. Cuyahoga No. 93270, 2010-Ohio-1578; *State v. Haag*, 49 Ohio App.2d 268, 360 N.E.2d 756 (9th Dist.1976); *Oakwood v. Shackelford*, 8th Dist. Cuyahoga No. 50062, 1986 Ohio App. LEXIS 5486 (Jan. 30, 1986). However, notwithstanding the trial court's failure to obtain a valid waiver of the right to counsel, appellant is not entitled to have his entire conviction vacated. *Lasker-Hall* at ¶ 14.

{¶16} Accordingly, because the trial court did not engage in the requisite colloquy to establish that appellant knowingly, intelligently, and voluntarily waived his right to counsel, we can only modify appellant's sentence by vacating the portion of the sentence imposing jail time. *Id.* at ¶ 14. As such, appellant's third assignment of error is sustained in part.

## B. No Contest Plea

{¶17} In his second assignment of error, appellant argues that his plea of no contest was invalid because he did not utter the words "no contest" at the end of the plea colloquy.

{¶18} In support of his argument, appellant directs our attention to *Cleveland v. Chappell*, 8th Dist. Cuyahoga No. 104739, 2017-Ohio-4070. In *Chappell*, the defendant argued that his plea was invalid because he "never formally stated on the record that he was pleading no contest." *Id.* at ¶ 10. This court explained that in order to formally tender a no contest plea, "a criminal defendant must either do so by signing a writing reflecting an express plea, or orally, either by saying, affirmatively, that he is pleading 'no contest,' or by responding affirmatively to the trial court's question, 'are you pleading no contest,' phrased in the present, unconditional

tense." *Id.* at ¶ 12, quoting *State v. Singleton*, 169 Ohio App.3d 585, 2006-Ohio-6314, 863 N.E.2d 1114 (2d Dist.). This court concluded that the defendant himself did not formally tender a no contest plea because his attorney stated that "[w]e're going to withdraw the not guilty and plead no contest, your Honor." *Chappell* at ¶ 11.

{¶19} In the instant matter, the trial court asked appellant during the change of plea hearing, "how do you plea?" to which appellant responded "no contest." (Tr. 3.) Then, after explaining to appellant the penalties and waiver of rights, the trial court accepted his no contest plea stating, "[s]ir, I'll accept your no contest plea." (Tr. 6.) The instant case is distinguishable from *Chappell* because appellant formally tendered a no contest plea by orally and affirmatively stating that he was pleading "no contest."

{¶20} Thus, in our review of the transcript, we find that appellant unequivocally entered a plea of no contest. Accordingly, appellant's second assignment of error is overruled.

## C. Penalties

{¶21} In appellant's fourth assignment of error he argues that the plea was not valid because he was misinformed about the potential penalties at the plea hearing. More specifically, he argues that he could only have been convicted of one count of failure to comply, and the trial court erred when it informed him of the penalties associated with the 42 counts.

{¶22} In the instant matter, appellant was charged with a first-degree misdemeanor offense, subject to a maximum sentence of 180 days. R.C. 2929.24(A)(1). Moreover, the maximum fine with regards to a first-degree misdemeanor is $1,000. R.C. 2929.28(A)(2)(a)(i). At the plea hearing, the trial court stated the following:

> THE COURT: [E]ach day that the [c]ity alleges that your property was out of compliance is a separate offense, and is a first[-]degree misdemeanor. The maximum penalty of a first[-]degree misdemeanor is a $1,000.00 (thousand

dollar) fine and 180 days in jail.

So since the [c]ity is alleging 42 days out of compliance, the maximum potential penalty that you would face is $42,000.00 (thousand dollars) in fines and 18 months in jail.

Sir, do you understand that's the maximum potential penalty?

[APPELLANT]:   Yes.

(Tr. 3.)   Thus, the trial court properly informed appellant of the maximum penalties with regards to the 42-count complaint.   Accordingly, appellant's argument here is without merit and his fourth assignment of error is overruled.

### D.   Factual Basis for Conviction

{¶23} In appellant's first assignment of error, he argues that there was no factual basis to support the convictions for the failure to comply offenses alleged in the complaint.   Specifically, appellant argues that there was no evidence that he violated the building code by making repairs without a permit.

{¶24} To this end, appellant argues that the explanation of circumstances did not explicitly include any evidence that appellant made repairs without a building permit. Appellant's brief at 5.   In considering the explanation of circumstances pursuant to R.C. 2937.07, when a court finds a defendant guilty after he has entered a no contest plea, the record must provide an "explanation of circumstances" that includes a statement of the facts supporting all of the essential elements of the offense.   *Broadview Hts. v. Krueger*, 8th Dist. Cuyahoga No. 88998, 2007-Ohio-5337, ¶ 10.   Indeed, at the plea hearing, a housing inspector stated to the trial court that "I didn't see any evidence [that] any permits [were] pulled [for the repairs].   (Tr. 8.)

{¶25} Accordingly, we find appellant's argument lacks merit, and his first assignment of error is overruled.

## E.    Complaint

{¶26} In appellant's fifth assignment of error, he argues that there is only one count of failure to comply alleged in the complaint and as such, the trial court erred when it found him guilty of 42 separate counts of failure to comply.

{¶27} In our review of the record, we note that the complaint states that

[B]etween the dates of 2/3/2017 and 3/16/2017 you, TYRONE M DANIELS, the owner or person in control of property located at 4400 E 146th Street, Cleveland, Ohio did refuse, neglect or fail to comply with a notice (copy of notice attached and hereby incorporated into this complaint) requiring the abatement or removal of a violation or requiring compliance with any provision of the Cleveland Building Code or any rule or regulation thereunder within the time limit set forth in the attached notice in violation of Cleveland Codified Ordinance (C.C.O.) § 3103.25(e), a first-degree misdemeanor under C.C.O. §3103.99(a) and in violation of C.C.O. §   367.99(a) an unspecified misdemeanor.   Each day during which noncompliance or a violation continues shall constitute a separate offense C.C.O. §§ 3103.99(a) and 367.99(a).

Thus, appellant takes issue with the complaint, as drafted, and argues that it listed only one count of failure to comply, and therefore, he can only be convicted of one count.

{¶28} In support of his argument, appellant simply cites to Crim.R. 8(A) and argues that given this rule, appellant can only be convicted of one count of failure to comply.   Crim.R. 8(A) states:

Two or more offenses may be charged in the same indictment, information or complaint *in a separate count for each offense* if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are

based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

(Emphasis added.)

{¶29} However, we note that appellant failed to make this argument at the trial court and as such, this failure constitutes a waiver of the right to argue the matter on appeal. *Cleveland v. Go Invest Wisely, L.L.C.*, 8th Dist. Cuyahoga Nos. 95178, 95179, 95180, 95181, 95182, and 95447, 2011-Ohio-3461, ¶ 10; *Cleveland v. Whitmore*, 8th Dist. Cuyahoga No. 84405, 2005-Ohio-4393, ¶ 20; *Bedford v. Tisdale*, 8th Dist. Cuyahoga No. 86209, 2006-Ohio-543, ¶ 31.

{¶30} Furthermore, pursuant to Crim.R. 12(C)(2), "[d]efenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)" must be raised before trial. In our review of the record, we note that appellant failed to raise any objection in the trial court as to any defect in the drafting of the complaint. As such, appellant has waived the right to argue any defect on appeal. *Go Invest Wisely, L.L.C.* at ¶ 10.

{¶31} Accordingly, appellant's fifth assignment of error is overruled.

### III. Conclusion

{¶32} After thoroughly reviewing the record, we find that although appellant did expressly tender a plea of no contest, appellant did not knowingly, intelligently, and voluntarily waive his right to counsel. We also find that there was a factual basis to support the conviction for the failure to comply offense alleged in the complaint, and the trial court properly informed appellant of the maximum penalties associated with the 42-count complaint. However, appellant waived the right to argue any defect in the complaint because he failed to raise any

objection in the trial court.   Accordingly, appellant's conviction is affirmed, the trial court's sentence imposing jail time is vacated, and the matter is remanded for further proceedings consistent with this opinion.

**{¶33}** Conviction affirmed.   This matter is remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of said appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

TIM McCORMACK, P.J., CONCURS;
LARRY A. JONES, SR., J., DISSENTS WITH SEPARATE OPINION

LARRY A. JONES, SR., J., DISSENTING:

**{¶34}** Respectfully, I dissent.   I find that the complaint failed to give Daniels sufficient notice as to each of the charges as required by Crim.R. 3.

**{¶35}** Appellate review of the validity of a complaint is de novo.   *Newburgh Hts. v. Hood*, 8th Dist. Cuyahoga No. 84001, 2004-Ohio-4236, ¶ 5.   Crim.R. 3 sets forth the requirements for a criminal complaint and provides:   "The complaint is a written statement of the essential facts constituting the offense charged.   It shall also state the numerical designation of the applicable statute or ordinance.   It shall be made upon oath before any person authorized

by law to administer oaths."

{¶36} "'The primary purpose of the charging instrument in a criminal prosecution is to inform the accused of the nature of the offense with which he or she is charged.'" *Cleveland v. Simpkins*, 192 Ohio App.3d 808, 2011-Ohio-1249, 950 N.E.2d 982, ¶ 6 (8th Dist.), quoting *Akron v. Holland Oil Co.*, 146 Ohio App.3d 298, 765 N.E.2d 979 (9th Dist.2001); *see also Parma v. Mentch*, 8th Dist. Cuyahoga No. 101222, 2014-Ohio-5690.

{¶37} As the majority notes, an objection to an alleged defect in a complaint must generally be raised prior to trial; when a defendant does not timely raise the issue, he or she has waived that argument on appeal. Pursuant to Crim.R. 52(B), however, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *See State v. Mitchell*, 12th Dist. Butler No. CA2010-05-107, 2011-Ohio-2465 (court reviewed appellant's claim of a defective indictment for plain error).

{¶38} According to the city, the complaint in this case charged Daniels with 42 separate violations of the city's housing code; Daniels was purportedly charged with 42 counts of failing to comply with one notice to correct eight violations on his property by February 2, 2017. Each violation carried with it a potential penalty of a $1,000 fine, 180 days in jail, up to five years of community control sanctions, and court costs. Thus, the total maximum penalty the court could have imposed was a fine of $42,000, an 18-month jail term, five years of community control sanctions, and court costs. Even more troubling, Daniels proceeded pro se through the pretrial process and plea hearing.

{¶39} I would find that the complaint, on its face, did not inform Daniels that he was being charged with 42 separate first-degree misdemeanor offenses. Although the complaint stated that "(e)ach day during the noncompliance or a violation continues shall constitute a

separate offense," the Cleveland Codified Ordinances do not permit courts or the city to command perpetual compliance for all violations. *See Cleveland v. Lucas*, 8th Dist. Cuyahoga No. 105521, 2018-Ohio-167, ¶ 6. Because C.C.O. 367.99(a) states that "[e]ach day during the noncompliance or a violation *continues* shall constitute a separate offense" refers to *future* conduct, it necessarily does not include the violations that Daniels was charged with in this case. (Emphasis added.)[2]

**{¶40}** When asked at oral argument why the city did not separately set forth each charge in the complaint, the city stated that it was a matter of efficiency. We cannot ignore defects in a charging document for the sake of expediency.

**{¶41}** The complaint, as written, affected Daniels's substantial rights because it failed to notify him that he was being charged with 42 separate offenses. I would find that Daniels was charged with a single violation of C.C.O. 3103.25(e). To hold otherwise denies Daniels due process of law.

**{¶42}** The complaint in this case charged Daniels with a single misdemeanor offense. I would vacate his convictions and remand the case for proceedings on a single violation of C.C.O. 3103.25(e).

---

[2] I further note, as this court did in *Lucas* at ¶ 6, that C.C.O. 367.99(a) is a penalty section that "appears to define the procedures for initiating new criminal charges against defendants * * * without regard for any applicable criminal rule."