[Cite as *Cleveland v. Bates*, 2023-Ohio-3627.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CITY OF CLEVELAND, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112167 |
| v. | : | |
| JAMES BATES, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 5, 2023

Criminal Appeal from Cleveland Municipal Court
Housing Division
Case No. 2020 CRB 000460

### *Appearances:*

Mark Griffin, City of Cleveland Director of Law, and
William H. Armstrong, Jr., Assistant Director of Law,
*for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and
John T. Martin, Assistant Public Defender, *for appellant.*

MICHAEL JOHN RYAN, J.:

{¶ 1} Defendant-appellant, James Bates ("Bates"), appeals his plea of no-contest to 30 violations of Cleveland Codified Ordinances ("C.C.O.") 203.03 and resulting sentence. For the reasons that follow, we affirm.

**Background**

{¶ 2} On June 12, 2019, the city of Cleveland Building and Housing Department Inspector Anthony Jones inspected Bates's property located on Marah Avenue in Cleveland. Inspector Jones alleged to have observed several violations of the city's building and housing codes on the property: the exterior wood trim needed painting, in violation of C.C.O. 369.15(a); there were two unlicensed vehicles in the driveway, in violation of C.C.O. 3101.10(e); and the exterior siding had peeling paint and was not weather resistant, in violation of C.C.O. 369.15(a). The city issued a violation notice on June 13, 2019, that gave Bates until July 13, 2019, to correct the violations.

{¶ 3} On November 22, 2019, Inspector Jones reinspected the property and determined that Bates had not corrected the violations. Consequently, the city filed a complaint in the Cleveland Municipal Court, Housing Division. The complaint read as follows:

> Inspector ANTHONY JONES, having been duly cautioned and sworn, desposes and says that between the dates of 7/14/2019 and 11/22/2019 you, JAMES M BATES, the owner or person in control of property located at [* * *] MARAH AVE, Cleveland, Ohio did refuse, neglect or fail to comply with a notice (copy of notice attached and hereby incorporated into this complaint) requiring the abatement or removal of a violation or requiring compliance with any provision of the

Cleveland Building Code or any role or regulation thereunder within the time limit set forth in the attached notice in violation of Cleveland Codified Ordinance (C. C. O.) §3103.25(e), a first-degree misdemeanor under C.C.O. §3103.99(a) and in violation of C. C. O. §367.99(a) an unspecified misdemeanor. Each day during which noncompliance or a violation continues shall constitute a separate offense. C. C. O. §3103.99(a) and §367.99(a).

{¶ 4} On May 29, 2020, Cleveland Police Officer John Boumis observed multiple violations of Cleveland's Housing and Health Codes on the exterior of Bates's property and issued five minor misdemeanor citations in housing court.

{¶ 5} On August 30, 2022, Bates, represented by counsel, made a motion to dismiss the case because Bates was "almost 99% compliant" in fixing the violations. The trial court denied Bates's motion. The city informed the court that it would not oppose Bates entering the Selective Intervention Program ("SIP"), a housing court diversion program. The court stated that it would not allow Bates into the program.

{¶ 6} The city also proposed to allow Bates to enter a plea to ten separate offenses, to represent ten days of violations. The court indicated it would not accept the plea. After further discussion, Bates pleaded no-contest to 30 counts of failure to comply, in violation of C.C.O. 203.03, first-degree misdemeanors, representing the dates July 14 – August 12, 2019. The trial court sentenced Bates to two years of community-control sanctions on each count, to run concurrent, and court costs. The trial court did not impose a fine. The terms of Bates's community-control sanction were to maintain his property, allow the housing inspector access to his property, enroll in a tax payment plan to pay his property taxes, and agree not to work on cars on his property. Additionally, the entry stated that failure to comply with the terms

of his community-control sanctions could result in up to a maximum 18-month jail sentence and a maximum potential fine of $30,000.

## Assignments of Error

I. The trial court abused its discretion when it summarily ruled that Mr. Bates would not be considered for the Selective Intervention Program (SIP).

II. The trial court abused its discretion when it refused to accept a plea of guilty to ten first-degree misdemeanor violations.

III. Mr. Bates' plea to thirty first-degree misdemeanor offenses was not made knowingly, intelligently and voluntarily when the complaint only charged one first-degree misdemeanor offense.

IV. The trial court's sentence exceeded the statutory maximum for the offense charged in the complaint.

V. Mr. Bates received ineffective assistance of counsel.

## Law and Analysis

### Selective Intervention Program – Failure to Support Argument with Citations to Legal Authority

{¶ 7} In his first assignment of error, Bates argues that the trial court erred when it did not consider him for SIP.

{¶ 8} App.R. 16(A)(7) provides that "[t]he appellant shall include in its brief * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

**{¶ 9}** Here, Bates provides no citation to legal authority or statutes to support this assigned error, nor has he directed this court to any information regarding Cleveland Housing court's SIP. Bates merely argues that the court abused its discretion when it did not allow him entry to the program.

**{¶ 10}** It is not the job of this court to root out authority for Bates's argument. Even if we were to consider his argument, we would not find that the trial court abused its discretion. "'We have defined an abuse of discretion as conduct that is unreasonable, arbitrary, or unconscionable.'" *State v. Hill*, Slip Opinion No. 2022-Ohio-4544, ¶ 9, quoting *State v. Beasley*, 152 Ohio St.3d 470, 2018-Ohio-16, 97 N.E.3d 474, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶ 11}** The Cleveland Municipal Court established a SIP to assist eligible and approved criminal defendants in correcting city code violations. Loc.R. 2, (P)(1), Cleveland Municipal Court, Housing Division. The judge refers the defendant to the program after which a housing court specialist screens the defendant for consideration in the program. *Id.* If a defendant successfully completes the program, his or her case is dismissed. Loc.R. 2, (P)(7).

**{¶ 12}** It is within the discretion of the court to recommend a defendant for the program. Entry is not automatic, nor is it a right; Bates concedes that the trial court had the discretion to deny him access to the program. The trial court exercised its discretion and denied him entry.

**{¶ 13}** The first assigned error is overruled.

**No-Contest Plea**

{¶ 14} In the second and third assignments of error, Bates challenges his no-contest plea. He contends that the trial court abused its discretion in refusing to allow him to enter into a plea of no-contest to ten counts of failure to comply and that his plea violated Crim.R. 11.

{¶ 15} The gravamen of Bates's challenge within these assignments of error is his contention that the indictment only charged him with a single offense of failure to comply. Bates cites Crim.R. 8(A), which provides:

> Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

{¶ 16} This case is analogous to *Cleveland v. Daniels*, 8th Dist. Cuyahoga No. 106136, 2018-Ohio-4773, where the defendant was charged with 42 separate counts of failure to comply for continuing housing code violations (February 3 –March 16, 2017). As in this case, Daniels argued that the complaint, as drafted, only listed one count of failure to comply; therefore, he could only be convicted of one count. *Id*. at ¶ 27.

{¶ 17} In support of his argument, Daniels cited Crim.R. 8. This court rejected Daniels's argument, finding that Daniels "failed to make this argument at the trial court and as such, this failure constitutes a waiver of the right to argue the matter on appeal." *Id*. at ¶ 29.

Furthermore, pursuant to Crim.R. 12(C)(2), "[d]efenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)" must be raised before trial. In our review of the record, we note that appellant failed to raise any objection in the trial court as to any defect in the drafting of the complaint. As such, appellant has waived the right to argue any defect on appeal.

(Citations omitted). *Id.* at ¶ 30.

{¶ 18} Likewise, in this case, Bates did not raise the claim of insufficiency of his indictment in the trial court.

{¶ 19} This court has also rejected the argument that an indictment charging continuing violations under C.C.O. 3103.99 and 367.99 is insufficient to apprise the defendant of the charges he or she is facing. In *Cleveland v. Whitmore*, 8th Dist. Cuyahoga No. 84405, 2005-Ohio-4393, the defendant was charged with continuing building code violations in Cleveland from August 8, 2002, to December 5, 2002. The defendant claimed that the citation and violation notice were not specific enough to give him proper notice of what constituted the violations. This court found that because the defendant had failed to raise the issue in the trial court, he waived this claim. This court further held that the hearing transcript demonstrated that the citation and violation notice were sufficient to apprise the defendant of the violations. *Id.* at ¶ 20 – 22.

{¶ 20} In *Cleveland v. Go Invest Wisely, LLC*, 8th Dist. Cuyahoga Nos. 95178, 95179, 95180, 95181, 95182, and 95447, 2011-Ohio-3461, the corporate defendant was charged in six cases with continuing violations. The defendant

pleaded no-contest to six counts of failure to remedy code violations. The defendant claimed that the trial court could not impose fines for continuing violations of the city's building code because the charging document did not specifically mention that there were continuing noncompliance violations, so it could only be charged with a single count of noncompliance. *Id.* at ¶ 9.

**{¶ 21}** This court rejected that argument, finding that the defendant waived the right to raise the claim on appeal because it did not raise any objection in the trial court. "This holding is consistent with Crim.R. 12(C)(2), which states that any 'defenses or objections based on defects in the indictment, information or complaint'" must be raised before trial. *Id.* at ¶ 10-11. Moreover, "the city's ordinances make each day for which a violation is not remedied a separate offense." *Id.* at ¶ 13; *see also Cleveland v. Aeon Fin., L.L.C.*, 8th Dist. Cuyahoga Nos. 103235, 103236, 103532, and 103533, 2016-Ohio-4559, ¶ 6, fn. 1, citing *Go Invest Wisely* ("A separate offense may be charged for each day in which a code violation is not remedied."). Because the defendant did not raise any objection in the trial court "to the form or substance of the citation * * * it has waived the right to argue any defect on appeal." *Id.* at ¶ 11

**{¶ 22}** It is axiomatic in our district that a party that fails to raise an objection or defense to a defect in the indictment, information, or complaint before trial is foreclosed from doing so at the appellate court. *Daniels* at *id.*; *Whitmore*, 8th Dist. Cuyahoga No. 84405, 2005-Ohio-4393; *Go Invest Wisely, LLC*. These cases relied upon a plain reading of Crim.R. 12 (C)(2): "objections based on defects in the

indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)" must be raised before trial.

{¶ 23} Bates contends that the "pendency of the proceeding" extends the right to object to anytime, including during the appellate process. Bates does not cite any authority for this contention and a plain reading of the rule supports the conclusion that "pendency of the proceeding" means while the case is still pending in the trial court. When the court issued the final order sentencing the defendant, the trial court proceedings were complete. Once Bates filed a notice of appeal, the trial court was divested of jurisdiction and the proceedings were no longer "pending" in the trial court. The proceedings referred to in Crim.R. 12 do not extend to appellate proceedings.

{¶ 24} In the case at bar, Bates did not raise the claim of the sufficiency of the indictment at the trial-court level. Therefore, he waived any claim that he did not receive sufficient notice. Even if he raised the claim that the charging document was insufficient to put him on notice of continuing violations, in accordance with this court's precedent, a separate offense may be charged for each day in which a violation is not remedied. Therefore, under either theory, Bates's claim fails.

{¶ 25} Next, Bates claims that his no-contest plea did not conform with Crim.R. 11, which governs pleas, because he could not have knowingly, intelligently, and voluntarily pleaded no-contest to 30 counts when he was charged with only one

count. As noted, Bates waived the right to challenge his indictment on appeal. He makes no other argument regarding the validity of his plea hearing.

{¶ 26} In light of the above, the second and third assignments of error are overruled.

{¶ 27} In the fourth assignment of error, Bates argues this his sentence exceeds the statutory maximum. Again, Bates's argument is premised on his claim that his indictment contained only one count of failure to comply.

{¶ 28} The complaint against Bates put him on notice that each day of noncompliance constituted a separate offense, and each offense was subject to a maximum fine of $1,000. He pleaded no-contest to 30 of those offenses, which were first-degree misdemeanor offenses, subject to a maximum sentence of 180 days in jail (R.C. 2929.24(A)(1)), five years of community-control sanctions (R.C. 2929.25(A)), and a $1,000 fine for each offense (R.C. 2929.28(A)). The trial court sentenced Bates to two years of community-control sanctions. Therefore, his sentence did not exceed the statutory maximum.

{¶ 29} The fourth assignment of error is overruled.

**Ineffective Assistance of Counsel**

{¶ 30} In the fifth assignment of error, Bates argues that he was afforded ineffective assistance of counsel. Bates contends that his attorney should have made a motion informing the trial court that the complaint only charged him with one offense and then the trial court would have acted accordingly.

**{¶ 31}** Ineffective assistance of counsel is established when an appellant demonstrates "(1) deficient performance by counsel, namely that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the party, or a reasonable probability that but for counsel's errors, the outcome would have been different." *State v. Moore*, 2022-Ohio-522, 185 N.E.3d 216, ¶ 29 (8th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "A 'reasonable probability' is one 'sufficient to undermine confidence in the outcome.'" *Moore* at *id.*, citing *State v. Khoshknabi*, 2018-Ohio-1752, 111 N.E.3d 813, ¶ 29 (8th Dist.), quoting *Strickland* at 694.

**{¶ 32}** Counsel's failure to make a futile or frivolous motion "cannot be the basis for claims of ineffective assistance of counsel and is not prejudicial." *State v. Witherspoon*, 8th Dist. Cuyahoga No. 94475, 2011-Ohio-704, ¶ 33. Even if Bates's attorney had made the motion, it would have been without merit and not successful. Simply, trial counsel did not provide ineffective assistance of counsel when the motion did not have had any reasonable probability of success.

**{¶ 33}** The fifth assignment of error is overruled.

**{¶ 34}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

LISA B. FORBES, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

{¶ 35} I concur in the judgment of the majority but write separately to express frustration with an argument that is continually left unresolved on procedural grounds in cases in which defendants were convicted of several offenses for each day of noncompliance with building or housing codes stemming from a single paragraph complaint. This issue has skirted appellate review largely based on tactical decisions made in the trial court. *Cleveland v. Daniels*, 8th Dist. Cuyahoga No. 106136, 2018-Ohio-4773, ¶ 29 (defendant waived any argument pertaining to the sufficiency of the single paragraph complaint charging multiple offenses for ongoing violations of the building code); *see also Cleveland v. Go Invest Wisely, L.L.C.*, 8th Dist. Cuyahoga Nos. 95178, 95179, 95180, 95181, 95182, and 95447, 2011-Ohio-3461, ¶ 10; *Cleveland v. Whitmore*, 8th Dist. Cuyahoga No. 84405, 2005-Ohio-4393, ¶ 20. The lack of an answer generates unnecessary appellate arguments.

{¶ 36} This, however, is not the case to put this matter to rest. Bates's trial counsel failed to timely challenge the deficiencies in the complaint. As the majority

correctly concludes, Bates cannot challenge the sufficiency of the complaint for the first time in this appeal. Understandably, Bates shifts his focus to trial counsel's performance under the well-recognized standard for ineffective assistance of counsel.

{¶ 37} This case was initiated through the filing of a single paragraph complaint alluding to multiple offenses. Under Crim.R. 8(A), "[t]wo or more offenses may be charged in the same indictment, information or complaint" but additional offenses must be set forth "in a *separate count* for each offense." (Emphasis added.) Nothing in the rule exempts the city from application of Crim.R. 8(A) with respect to housing or building code violations that make each day of the ongoing violation a separate offense. Thus, the question is, and has always been, whether the city can truncate the complaint to a single paragraph while adhering to Crim.R. 8(A). In this case, the city claims that the complaint is valid because the city is authorized to charge defendants with a separate offense for each day of noncompliance. This misses the point. Although the city is authorized to charge Bates with 132 separate counts for each day of noncompliance during the stated period, the complaint included only a single paragraph that failed to separately delineate the offenses.

{¶ 38} This discussion, however, is not sufficient to overcome the prejudice prong of the ineffective-assistance-of-counsel standard of review. Charging multiple offenses within a single count is known as duplicity. *State v. Fisher*, 12th Dist. Clinton No. CA2021-08-026, 2022-Ohio-1363, ¶ 19, citing *State v. Miller*,

2018-Ohio-3481, 118 N.E.3d 1129, ¶ 55 (5th Dist.), *State v. Moore*, 8th Dist. Cuyahoga No. 80416, 2003-Ohio-1154, ¶ 43, and *United States v. Murray*, 618 F.2d 892, 896 (2d Cir.1980); *Parker v. Maxwell*, 174 Ohio St. 471, 471, 190 N.E.2d 271 (1963). "'The prohibition against duplicity is geared to protect the accused's Sixth Amendment right to notice of the nature of the charge against him and prevent confusion as to the basis of the verdict.'" *Fisher* at ¶ 19, quoting *Miller* at ¶ 55 and *State v. Smith*, 9th Dist. Summit No. 8869, 1978 Ohio App. LEXIS 8415, 3 (Oct. 4, 1978). At trial, the trier of fact must unanimously agree as to each individual offense. The danger in the city's approach to ongoing-violation cases is that a trier of fact renders a general conclusion as to the single count in the complaint, without specifying which days were included under the verdict.

{¶ 39} Typically, a finding that the indictment is duplicitous does not compel dismissal of the charges. *Miller*. That conclusion is largely based on R.C. 2941.28(B), which provides that an indictment of information may not be dismissed based on duplicity in the indictment or information. Bates has failed to identify any relevant statutory provision that discusses duplicity within complaints. R.C. 2941.28(B) is limited to an indictment or information.

{¶ 40} Nevertheless, Bates's appellate argument is limited to his cursory conclusion that the single paragraph in the complaint that included the date range and notice that "[e]ach day during which noncompliance or a violation continues shall constitute a separate offense" violated Crim.R. 8(A). From that overly broad conclusion, it cannot be determined whether the single paragraph complies with

Crim.R. 8(A) sufficient to establish its defectiveness for the purposes of demonstrating error with the no-contest plea. And by entering the plea to less than the 132 days of noncompliance, Bates was aware of which days fell under the purview of the complaint.

{¶ 41} As it currently stands, and in light of the limited nature of the arguments presented, I cannot conclude that Bates has demonstrated the existence of reversible error. I therefore concur with the judgment of the majority.